[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15729
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00015-WS-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MYRON GERALD STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 17, 2018)

Before WILSON, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Myron Stevens appeals his life sentence, imposed after pleading guilty to

two counts of producing child pornography, in violation of 18 U.S.C. § 2251, one

count of transportation with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423, and two counts of knowingly receiving and distributing images of child pornography, in violation of 18 U.S.C. § 2252A.  On appeal, Stevens argues that his sentence is both procedurally and substantively unreasonable.  After a careful review of the record and the parties' briefs, we affirm.

We typically review the reasonableness of a sentence under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  However, when the appealing party does not clearly state the grounds for an objection before the district court, we review for plain error.  *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).  On plain error review, the party must establish an error, that is plain, and that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1777 (1993).

When reviewing reasonableness, the court first ensures that the district court made no significant procedural error, then examines whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The court must consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).  And in doing so, the district court must impose a sentence sufficient, but not greater than necessary to comply with the purposes listed in 18

2

U.S.C. § 3553(a)(2).  *United States v. Irey*, 612 F.3d 1160, 1189–91 (11th Cir. 2010) (en banc).  Although the court need not presume that a sentence within the guideline range is reasonable, we ordinarily expect a sentence within the Guideline range to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Lastly, we will only remand for resentencing when left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court did not abuse its discretion in imposing Stevens's sentence.  Under plain error review, Stevens's sentence was not procedurally unreasonable.  The court's statement that there were no "significant factors" warranting a downward variance, in context, was an accurate description of the law and a proper exercise of the court's discretion—and not an indicator that it applied an erroneous legal standard, as is argued by Stevens.  *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (explaining that the weight given to any § 3553(a) factor is within the sound discretion of the court).  Likewise, the district court did not plainly err in failing to announce or recognize its discretion to vary downward based on a policy disagreement with the Guidelines.  The record suggests that the court understood that it had discretion to disagree with the

3

Guidelines' policies, but determined that the range was appropriate in this instance. *See Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013) (explaining that a district court has discretion to vary downward but is not required to do so).

Nor was Stevens's sentence substantively unreasonable. As an initial matter, Stevens's life sentence was within the applicable Guideline range. *See Hunt*, 526 F.3d at 746. Imposing a life sentence was not an abuse of the court's discretion, as the court did not give "undue weight" to the applicable Guideline range, but instead, properly based the sentence on appropriate factors under 18 U.S.C. § 3553(a) that it deemed important, including the serious and ongoing nature of Stevens's offense—acting on pedophilic impulses dozens of times over a number of years—and the potentially life-long trauma and impact on his victims. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (explaining that significant reliance on a single factor does not render a sentence unreasonable).

**AFFIRMED.**